**In re the Honorable Pamela GREEN-WOOD, Commissioner, Utah State Bar.**

No. 890352.

Supreme Court of Utah.

May 31, 1990.

Scott M. Matheson, Julia C. Attwood, Salt Lake City, for Judge Greenwood.

Christine Burdick, Salt Lake City, bar counsel David K. Watkiss, David B. Watkiss, Salt Lake City, for the Utah State Bar.

Brian M. Barnard, Salt Lake City, pro se.

DURHAM, Justice:

This matter comes before the court on a motion for summary disposition filed by the Honorable Pamela Greenwood and the Utah State Bar. The motion seeks dismissal of this action, a "Petition for Removal" filed by attorney Brian Barnard. The petition requests this court to remove Judge Greenwood as a bar commissioner and president-elect of the Utah State Bar. We grant the motion and dismiss the petition for the reasons set forth below.

The petition for removal is predicated on the theory that Judge Greenwood's current service as a bar commissioner and future service as president of the Utah State Bar constitutes a violation of the Judicial Code of Conduct and that this court should therefore exercise its "inherent powers" to order her removal from those positions.

■ This court supervises the practice of law pursuant to constitutional authority. Utah Const. art. VIII, § 4. We do not have any authority, however, to supervise the conduct of *judges* as a matter of initial investigation and review, that duty being delegated to a judicial conduct commission by section 13 of article VIII of our constitution. We are constitutionally obligated to review the commission's proceedings, but we have no authority to undertake initial review of matters related to compliance with the judicial canons of ethics. Thus, petitioner's theory that we may order Judge Greenwood's removal from the bar commission by virtue of some inherent power to enforce judicial ethics is without merit.

■ An alternative theory apparently advanced by petitioner is that it is within our constitutional mandate to "govern the practice of law" to control the membership and service of individual bar commissioners. *Id.* Although we may or may not agree about the scope of our governing power and responsibility vis-a-vis the bar commission, we have traditionally (and uniformly) exercised our power to govern the practice of law, whatever its scope, through the rule-making process rather than in private, adversarial adjudicatory proceedings.[1] We decline to depart from that longstanding practice in this case. Whatever prudential and policy considerations may bear on the process for removal of an individual bar commissioner should be raised, debated, and deliberated in a rule-making context, and we decline to address them here.

■ Finally, petitioner has argued that we must enforce the language of article VIII, section 10 of the Utah Constitution and Utah Code Ann. § 78-7-2 (1987). The former prohibits judges from holding "any elective nonjudicial public office," and the latter from holding office in an "organization engaged in political activity." We hold that the offices of commissioner and president of the Utah State Bar are not "elective nonjudicial public offices" within the meaning of article VIII, section 10. We further hold that petitioner has failed to demonstrate that the Utah State Bar is an "organization engaged in political activity" within the meaning of section 78-7-2. We therefore conclude that Judge Greenwood's activities do not violate constitutional or statutory restrictions on sitting judges, and we decline to consider the

---

**1.** We do review disciplinary actions against lawyers in an adjudicatory capacity, but we do that pursuant to the Procedures of Discipline and our Rules of Integration. The rules create the system and describe the procedural and substantive remedies.

scope of our capacity to order her removal pursuant to either of those provisions.

The motion for summary disposition is granted, and the petition to remove is dismissed.

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.